**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-20595
Summary Calendar

LUIS SALINAS

Plaintiff - Appellant

v.

AT&T CORPORATION; SOUTHWESTERN BELL TELEPHONE, LP, doing business as AT&T Texas

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
No. 4:07-CV-1952

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Salinas appeals the district court's grant of summary judgment in favor of Southwestern Bell Telephone, L.P. doing business as AT&T Texas ("AT&T"). Because we find that Salinas has not produced sufficient evidence to survive summary judgment on his claims of unlawful discrimination and retaliation, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Salinas worked as a technician for AT&T in the Houston Network Translation Center for approximately six years. As part of his job duties, he had access to the Mechanized Business Ordering System ("MBOS"), a computer system that allowed him to view pending sales orders including information about the customers who had placed those orders. Salinas also participated in the company's Employee Referral & Information Channel ("ERIC"), which allows employees to refer sales leads generated through contacts with friends, family, acquaintances and business contacts. Successful sales based upon those leads enable the employee to generate points which can be redeemed for merchandise or debit cards. In 2006 Salinas made a large number of ERIC referrals, thereby amassing a large number of ERIC points.

AT&T became suspicious of the large number of referrals and the fact that Salinas was referring numerous large businesses. Referrals from large companies were typically submitted by "direct sales associates," not by employees with Salinas' "background, experience and skill level." AT&T began an investigation to confirm their suspicion about Salinas' conduct. AT&T concluded that Salinas fraudulently submitted ERIC referrals and terminated him. AT&T did not replace Salinas with another technician.

Six days prior to his termination, Salinas filed a Charge of Discrimination with the Texas Workforce Commission. He then filed suit in Texas state court, and AT&T removed the case to federal district court. Salinas disputes AT&T's account of his conduct and termination, alleging that the reasons offered for his termination were a pretext for discrimination based on his race and gender. He also alleges that he was terminated in retaliation for asserting claims under federal and state anti-discrimination statutes. The district court granted AT&T's motion for summary judgment, finding that Salinas (1) failed to prove his prima facie case of gender, color or race discrimination and (2) failed to prove AT&T's legitimate non-discriminatory reasons were a pretext for discrimination.

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Summary judgment is appropriate when the evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Under Title VII it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove Title VII discrimination through direct or circumstantial evidence. *Turner*, 476 F.3d at 343. Salinas has not provided direct evidence of discrimination, therefore, his Title VII claim based on circumstantial evidence is analyzed under the *McDonnell Douglas* burden-shifting evidentiary framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this framework, a plaintiff can establish a prima facie case of discrimination by establishing "that [he]: (1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, [ ] that others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotations omitted). If the plaintiff successfully establishes a prima facie case of discrimination, the burden shifts to the defendant to set forth its legitimate, non-discriminatory reason for its decision. *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005). "The plaintiff may still avoid summary judgment if [he] demonstrates a genuine issue of material fact whether the legitimate reasons proffered by the defendant are not its true reasons, but instead are a pretext for discrimination." *Id.*

With regard to Salinas' discrimination claim, the district court found that

he failed to show a prima facie case of discrimination because he could not establish the fourth element of the *McDonnell Douglas* framework. Since Salinas was not replaced by AT&T, under the fourth element he must demonstrate that AT&T gave preferential treatment to a non-Hispanic or female employee under "nearly identical circumstances." *Okoye*, 245 F.3d at 514. Salinas has offered no evidence of AT&T's favorable treatment of similarly situated employees outside his protected class, and fails to even assert that AT&T treated him less favorably than non-Hispanic or female employees. Because Salinas cannot establish a prima facie case, summary judgment is appropriate as to his discrimination claim and we need not reach the issue of pretext.

With regard to Salinas' allegation that he was terminated in retaliation for asserting claims under federal and state anti-discrimination statutes, the district court found that he had shown a prima facie case but that he had not alleged evidence sufficient to create a genuine issue of fact that AT&T's non-retaliatory reason for termination was pretextual. Title VII makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this title [42 USCS §§ 2000e-2000e-17] . . . ." 42 U.S.C. § 2000e-3(a). Title VII retaliation claims are also subject to the *McDonnell Douglas* burden-shifting standard. "A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996). If a prima facie case is shown, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action; to overcome this, the employee must offer sufficient evidence to create a genuine

issue of fact that the employer's proffered reason is a pretext for discrimination. *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005).

Salinas did not offer sufficient evidence to create a genuine issue of fact that AT&T's proffered reason for terminating him was a pretext for discrimination. AT&T produced competent summary judgment evidence that it terminated Salinas because he violated the Code of Business Conduct when he committed ERIC fraud and could no longer be trusted with customers' confidential information. Salinas' affidavit offers no evidence that AT&T's reason for terminating him was a pretext for discrimination. He supports his claim with nothing more than his subjective belief that he was the victim of unlawful discrimination. A plaintiff's subjective beliefs are not sufficient to create an issue of fact. *See Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 153 (5th Cir. 1995).

For the above reasons, we AFFIRM the district court's order granting summary judgment.